**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-60610-WLH |
| | ) | |
| ROGER LEWIS DOWD, | ) | CHAPTER 7 |
| Debtor. | ) | |
| _____ | ) | _____ |
| | ) | |
| DYNOMITE MARKETING, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING |
| vs. | ) | NO. 18-05006-WLH |
| | ) | |
| ROGER LEWIS DOWD, | ) | |
| Defendant. | ) | |

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**

**NOW COMES** DYNOMITE MARKETING, LLC ("Dynomite"), a creditor in the above-referenced case and Plaintiff in this proceeding, by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 55, as made applicable herein by Federal Rule of Bankruptcy Procedure 7055, and hereby respectfully requests that the Clerk of Court enter a Default in favor of Dynomite and against the Defendant, ROGER LEWIS DOWD ("Defendant" or "Debtor"). In support of this Request, Dynomite shows the following:

1.

Debtor filed for relief under Chapter 7 of Title 11 of the United States Code on June 15, 2017, same being case number 17-60610-WLH.

2.

On January 5, 2018, Dynomite initiated this adversary proceeding against Defendant by filing a Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A)

and (a)(6) and Objection to Discharge Pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4), for Money Judgment, and for Attorney's Fees (the "Complaint").

3.

On January 8, 2018, the Clerk of the United States Bankruptcy Court in and for the Northern District of Georgia, Atlanta Division, issued a Summons pursuant to the Complaint. Pursuant to Federal Rule of Bankruptcy Procedure 7004, on January 8, 2018, Dynomite, by and through counsel, served a copy of the Summons and Complaint upon Defendant by way of First Class U.S. Mail.

4.

Pursuant to Federal Rule of Bankruptcy Procedure 7012, Defendant had thirty (30) days from the issuance of the Summons in which to file an Answer to the Complaint. As such, the deadline for Defendant to file an Answer was no later than February 7, 2018.

5.

Defendant, Roger Lewis Dowd, failed to file an Answer by February 7, 2018.

6.

To the best of Dynomite's knowledge, Defendant is not a minor, incompetent person, or a corporation, nor in the military or on active duty and, therefore, is not entitled to the relief afforded said individuals pursuant to the Soldiers and Sailors Civil Relief Act, 50 U.S.C. § 520.

7.

Dynomite is entitled to the entry of a Default against Defendant.

8.

The Complaint filed by Dynomite prayed that:

(a) pursuant to Count I, Dynomite be granted a money judgment against the Debtor in the amount of $344,407.17, plus pre-judgment interest, post-judgment interest, attorneys' fees and all costs of Court pursuant to 11 U.S.C. § 523(a)(2)(A);

(b) pursuant to Count I, the debt owed to Dynomite in the amount of $390,709.92, plus pre-judgment interest, post-judgment interest, attorneys' fees and all costs of Court, be determined nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

(c) pursuant to Count II, Dynomite be granted a money judgment against the Debtor in the amount of $344,407.17, plus pre-judgment interest, post-judgment interest, attorneys' fees and all costs of Court pursuant to 11 U.S.C. § 523(a)(6);

(d) pursuant to Count II, the debt owed to Dynomite in the amount of $390,709.92, plus pre-judgment interest, post-judgment interest, attorneys' fees and all costs of Court, be determined nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

(e) pursuant to Count III, the Debtor be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

(f) pursuant to Count IV, the Debtor be denied a discharge pursuant to 11 U.S.C. § 727(a)(4);

(g) pursuant to Count V, Dynomite be granted a judgment against the Debtor for Dynomite's attorneys' fees and costs of litigation with same be held non-dischargeable in bankruptcy, and as such, excepted from discharge; and

(h) Dynomite have such other and further relief as this Court may deem just and proper.

WHEREFORE, Dynomite respectfully requests the Clerk of Court enter a Default in favor of Dynomite and against the Defendant, Roger Lewis Dowd.

RESPECTFULLY SUBMITTED, this the 14th day of February, 2018.

*/s/ Albert F. Nasuti*
**ALBERT F. NASUTI**
Georgia State Bar No. 535209
**MICHAEL B. PUGH**
Georgia State Bar No. 150170

For the firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia  30092
Telephone: (770) 925-0111
E-mail: anasuti@tokn.com
Attorneys for Dynomite Marketing, LLC

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-60610-WLH |
| | ) | |
| ROGER LEWIS DOWD, | ) | CHAPTER 7 |
| Debtor. | ) | |
| _____ | ) | _____ |
| | ) | |
| DYNOMITE MARKETING, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING |
| vs. | ) | NO. 18-05006-WLH |
| | ) | |
| ROGER LEWIS DOWD, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on February 14, 2018, I served the **Request for Clerk's Entry of Default** by depositing a copy of same in an envelope with adequate postage affixed thereon to insure delivery via first class, regular mail upon:

| | | |
|---|---|---|
| Roger Lewis Dowd | David E. Galler | Office of the US Trustee |
| 3400 Straford Road | Galler Law, LLC | Room 362 |
| Apt. 2409 | P. O. Box 2118 | 75 Ted Turner Drive, SW |
| Atlanta, Georgia 30326 | Roswell, Georgia 30077 | Atlanta, Georgia 30303 |

*/s/ Albert F. Nasuti*
**ALBERT F. NASUTI**
Georgia State Bar No. 535209

For the firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia  30092
Telephone: (770) 925-0111
E-mail: anasuti@tokn.com
Attorneys for Dynomite Marketing, LLC