**IT IS ORDERED as set forth below:**



**Date: March 27, 2018**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-60610-WLH |
| ROGER LEWIS DOWD, | CHAPTER 7 |
| Debtor. | |
| DYNOMITE MARKETING, LLC, | ADVERSARY PROCEEDING NO. 18-5006-WLH |
| Plaintiff, | |
| v. | |
| ROGER LEWIS DOWD, | |
| Defendant. | |

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (the "Motion"). Plaintiff filed the Complaint on January 5, 2018 seeking a determination a debt owed by Defendant is nondischargeable pursuant to sections 523(a)(2)(A) and (a)(6) of the Bankruptcy Code and seeking to deny Defendant a discharge pursuant to sections 727(a)(2) and (a)(4) of the Bankruptcy Code. A summons was issued, and Plaintiff certified a copy of the Complaint and a summons were sent by first class mail, with adequate postage, to Defendant on January 8, 2018. On February 14, 2018, Plaintiff requested entry of default for Defendant's failure to file an answer or otherwise respond to the Complaint as provided by Bankruptcy Rule 7012. On February 16, 2018, the Clerk entered default against Defendant pursuant to Bankruptcy Rule 7055. Plaintiff now seeks default judgment on its 523(a)(2)(A) and (a)(6) claims. Defendant responded to and objected to the Motion; Defendant also answered the Complaint on March 8, 2018.

Federal Rule of Civil Procedure 55(c), made applicable by Federal Rule of Bankruptcy Procedure 7055, provides the court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The Eleventh Circuit has held the "good cause" standard is a liberal one. <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996); *see also* <u>Durango Ga. Paper Co. v. Dave King Paper Sales & Consulting, Inc. (In re Durango Ga. Paper Co.)</u>, 314 B.R. 881, 883 (Bankr. S.D. Ga. 2004) ("This provision imposes a very low standard"). Courts generally consider the following four factors in determining whether good cause exists to set aside an entry of default:

> (1) whether the defaulting party has acted promptly to vacate the default;
> (2) whether the defaulting party has presented a plausible excuse explaining the reasons for the default;
> (3) whether the defaulting party asserts a meritorious defense; and
> (4) whether the nondefaulting party will be prejudiced by setting aside the default.

2

Rogers v. Allied Media (In re Rogers), 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993) (Drake, J.) (citing Turner Broadcasting System, Inc. v. Sanyo Elec., Inc., 33 Bankr. 996, 1001 (N.D. Ga. 1983), *aff'd* 742 F.2d 1465 (11th Cir. 1984)). This Court generally prefers to decide cases on the merits. In re Brackett, 243 B.R. 910, 915 (Bankr. N.D. Ga. 2000) (Drake, J.).

Defendant has demonstrated the default should be set aside. First, Defendant acted promptly to vacate the default. A motion to set aside a clerk's entry of default should be made with reasonable promptness. Rogers, 160 B.R. at 249. "Whether a party has taken 'reasonably prompt' action . . . must be gauged in light of the facts and circumstances of each occasion." Kim v. Nyce, No. AW-09-1572, 2010 U.S. Dist. LEXIS 56263 at *7 (D. Md. June 7, 2010) (citing U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)). The Clerk entered default on February 16, 2018. Defendant responded to the Motion six days after the Clerk entered default, and Defendant answered the Complaint twenty days after the default. Defendant has demonstrated an expeditious interest in correcting the default.

Second, Defendant contends he did not receive a copy of the summons and Complaint. It would be meaningless for the court to enter default judgment if a defendant could later show the plaintiff failed to establish the court had personal jurisdiction over the defaulting defendants. See D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 436-37 (E.D. Pa. 2006); *see also* McKenzie v. Wakulla Cty., 89 F.R.D. 444 (N.D. Fla. 1981). While Plaintiff contends it properly served the summons and Complaint on Defendant, the Court has concerns about service on Defendant and finds the defaulting party has presented a plausible excuse explaining the reasons for the default. The Court notes the Defendant entered into two consent orders extending the time for Plaintiff to file a complaint under sections 523 and 727 of the Bankruptcy Code, which suggests to the Court the Defendant had every intention of defending against the complaint.

Third, Defendant has answered the Complaint and denies the allegations that support

3

Plaintiff's 523(a)(2)(A) and (a)(6) claims. Finally, the Court finds Plaintiff would not be prejudiced by vacating the discharge. Plaintiff only recently filed the Complaint, and vacating the default will not cause Plaintiff to suffer unnecessary delay. The Court thus finds Defendant has satisfied the low standard of Federal Rule of Civil Procedure 55(c).

This Court prefers to decide cases on the merits and finds there is good cause to remove the entry of default. Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the entry of default is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant must file a statement with the Court within ten days as to whether he will deem service sufficient as of this date since Defendant has now filed an answer.

The Clerk's Office is directed to serve a copy of this Order upon the Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, and the Chapter 7 Trustee.

**END OF DOCUMENT**